UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| THOMAS A. PAYNE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:12-cv-00119 |
| | ) Judge Trauger |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## M E M O R A N D U M

The movant,[1] proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket No. 1). The movant presently is incarcerated at the Federal Corrections Institution II in Butner, North Carolina. He is currently serving a sentence of 144 months of imprisonment for six drug-related counts. *See United States v. Thomas A. Payne*, No. 1:09-cr-00009 (M.D. Tenn.)(Trauger, J.).

**I.     Procedural Background**

On November 4, 2010, a federal grand jury in the Middle District of Tennessee indicted the defendant for conspiring to possess with intent to distribute and to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846 (Count One); possessing with intent to distribute and distributing a quantity of methamphetamine, in violation 21 U.S.C. § 841(a)(1)(Counts Two and Three); and possessing with intent to distribute an distributing 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(Counts Four, Five, and Six). *See United States v. Thomas A. Payne*, No. 1:09-cr-00009 (M.D. Tenn.)(Docket Nos. 161, 162).

---

[1] Throughout this memorandum, Thomas A. Payne is referred to as Payne, the movant, and defendant interchangeably.

1

On February 7, 2011, the defendant entered a guilty plea to all counts in the Second Superseding Indictment. (*Id.*, Docket No. 198). On that same day, the court accepted the defendant's guilty plea. (*Id.*, Docket No. 199). On October 6, 2011, the court sentenced the defendant to a term of 144 months' imprisonment. (*Id.*, Docket No. 282). The defendant did not appeal his sentence.

## II.  The Instant Motion

On September 24, 2012, the movant filed the instant § 2255 motion (Docket No. 1) and a memorandum brief in support of his motion (Docket No. 2). In his motion, the movant presents one ground for relief. The motion alleges that the defendant's attorneys[2] were ineffective because they did not move to suppress a firearm found in the defendant's residence on the date of his arrest. The movant contends that, had he not received a two-point enhancement for that firearm, the court would have given him a lower sentence. The movant names the United States of America as the respondent. (Docket No. 1).

Pursuant to Rule 4, Rules– Section 2255 Proceedings, the court conducted a preliminary examination of the motion and determined that it was not readily apparent on the face of the motion that the movant is not entitled to relief. (Docket No. 3). Accordingly, the court entered an order on October 4, 2012, directing the respondent to answer or otherwise respond to the motion. (*Id.*) The United States filed a response, asserting that the court should deny the motion and dismiss the action (Docket No. 10), to which the movant responded in opposition (Docket No. 19).

## III.  Facts

---

[2] The defendant was represented by Michael Terry and Stephanie Gore.

2

Beginning in 2007, the Tennessee Bureau of Investigation (TBI), Columbia, Tennessee, along with the Drug Enforcement Agency (DEA), conducted an investigation into the illegal methamphetamine distribution activities of Tomie E. Payne, his common law wife Shellie Royce, and several other co-conspirators in the Columbia, Tennessee, area, including Tomie Payne's two adult children, the movant and Julie A. Cruz ("his sister" or "Cruz"). Although Tomie Payne, Shellie Royce, and four other individuals were indicted on charges of possession and distribution of methamphetamine on October 24, 2007, the movant and his sister were not indicted in that case.

Beginning in or about March of 2009, the TBI Columbia, Tennessee office began conducting an investigation focusing on the illegal drug distribution activities of Cruz and the movant. As a result of information obtained through TBI investigation, DEA worked in conjunction with TBI and the Maury County Sheriff's Office to make numerous controlled purchases of methamphetamine from the movant and Cruz.

On July 1, 2009, a federal search warrant was issued to search Payne's residence, a trailer located at 2613 Ragsdale Road in Columbia, Tennessee. (Docket No. 10, Exh. 1). The warrant was executed on July 2, 2009. (Id.) During the search of Payne's residence, various items were recovered, including a firearm. (*Id.*) The return states that a copy of the warrant and a receipt for the seized items were provided to the defendant. (*Id*.)

Payne was arrested and initially indicted in July 2009. On November 4, 2010, Payne was charged in six counts of a six-count Second Superseding Indictment in the underlying criminal case, No. 1:09-cr-00009. He pleaded guilty to all counts on February 7, 2011. At sentencing, the court found that, after a three-level decrease for acceptance of responsibility, the defendant's applicable offense level was 37. The court's decision was based upon a base offense level of 38 for the amount

3

of methamphetamine for which the court found him responsible as relevant conduct, plus two levels for his possession of a firearm. The defendant's criminal history category was Category IV. The defendant's Guidelines range was 292 to 365 months. However, based upon the defendant's abusive childhood and other background information, the court granted the defendant's request to vary downward from the Guidelines and sentenced the defendant to a term of imprisonment of 144 months. (No. 1:09-cr-00009, Docket Nos. 281 and 282, Sealed).

Payne now asserts that his defense attorneys should have filed a motion to suppress the firearm seized from his residence. Despite requests by the United States to defense counsel to provide an affidavit explaining to the court why they chose not to file a motion to suppress and what, if any, discussions they had with the defendant regarding that issue, the attorneys have failed to provide an affidavit. (Docket No. 10 at pp. 4-5).

**IV.    Analysis**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Grifin v. United* States, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently

4

results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United* States, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

### A. The movant has not met his burden of establishing his claim of ineffective assistance of counsel.

The movant claims that his attorneys were constitutionally ineffective because they should have filed a motion to suppress the seizure of the firearm from Payne's residence, the possession of which was the basis for the court's adding two levels to Payne's base offense level pursuant to Section 2D1.1(b)(1).

The Sixth Amendment to the United States Constitution guarantees the right of a person accused of a crime to the effective assistance of counsel. *McMann v. Richardson,* 379 U.S. 759, 771 (1970). To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) deficient performance of counsel and (2) prejudice to the defendant. *See Bell v. Cone*, 535 U.S. 685, 694-95 (2002).

Counsel's performance is deficient when it falls below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984); *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). In assessing performance, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. Reasonable attorneys may disagree on the appropriate strategy for defending a client. *Bigelow v. Williams,* 367 F.3d 562, 570 (6th Cir. 2004).

The prejudice element requires a petitioner to show "that there is a reasonable probability

5

that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. In the context of a guilty plea, to satisfy the second *Strickland* prong, a petitioner must show that, but for counsel's alleged errors, he would not have pleaded guilty but would have insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002).

A court hearing an ineffective assistance of counsel claim must consider the totality of the evidence. *Strickland,* 466 U.S. at 695. "The determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)(quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992)(*en banc*)). "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689.

The movant bears the burden of establishing his claim of ineffective assistance of counsel by a preponderance of the evidence. *Id.* Here, then, in order for Payne to prevail on his ineffective assistance of counsel claim, he must establish that his attorneys were deficient by failing to file a motion to suppress the firearm found at Payne's residence on the date of his arrest <u>and</u> that Payne was prejudiced at sentencing by his attorneys' failure to file the motion to suppress. The court finds that Payne has not met his burden.

In his § 2255 motion (Docket No. 1) and supporting memorandum (Docket No. 2), Payne

6

contends that his lawyers were ineffective because they did not move to suppress the firearm found in Payne's trailer on the date he was arrested because there was no search warrant for the firearm. (Docket No. 2). However, as noted above, a federal search warrant for Payne's trailer was issued, and the movant acknowledges as much in his response filed in opposition to the response to Payne's motion to vacate. (Docket No. 19 at p. 9). In Payne's response, he contends that his attorneys should have challenged the validity of the search warrant in the motion to suppress that was never filed. (*Id*. at pp. 9-15).[3]

Because neither Mr. Terry nor Ms. Gore responded to the government's requests for information pertinent to the instant § 2255 motion, the court cannot ascertain whether Payne's lawyers discussed the possibility of filing of a motion to suppress with Payne or explained to him why they believed such a motion was unnecessary, inappropriate, or ill advised. However, it is undisputed that Payne's attorneys did not file a motion to suppress the firearm.

Yet, Payne's lawyers heavily litigated the two-point enhancement for the firearm at Payne's sentencing. Specifically, defense counsel challenged whether the firearm was connected to the offense. After hearing extensive testimony and arguments of counsel, the court ruled that the defendant had failed to prove by a preponderance of the evidence that it was "clearly improbable" that the weapon was connected with the drug offense. (No. 1:09-cr-00009, Docket No. 282-1 at p.

---

[3] In his response filed in opposition to the government's response to the § 2255 motion, the movant challenges, for the first time, the validity of the federal search warrant issued on July 2, 2009, to search the defendant's trailer. (Docket No. 17 at pp. 9-15). However, by pleading guilty, Payne waived any right he had to challenge the validity of the search warrant. *See United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982)(a plea of guilty is an admission of all material facts alleged in the charge and constitutes a waiver of all non-jurisdictional defects and defenses); *see also United States v. Broce*, 488 U.S. 563, 569 (1980)("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *United States v. Catchings*, 708 F.3d 710, 715 & n.3 (6th Cir. 2013)(finding that the appellant waived his challenge to the search warrants when he pleaded guilty). The movant cannot now challenge the validity of the search warrant for his residence.

7

1343, Sealed). Thus, even though defense counsel did not move to suppress the firearm, they vigorously challenged the addition of two points on the ground that the firearm was not connected with the offense. The court finds that the movant has not met his burden of showing that defense counsel's performance was deficient under the circumstances.

Even if the movant had shown that defense counsel's failure to file a motion to suppress the firearm was deficient performance, the court finds that the movant has not established that he was prejudiced by his counsel's failure to file a motion to suppress because, even further assuming that the court had granted the motion to suppress the firearm, suppressed evidence may be considered when determining a defendant's offense level at sentencing. *United States v. Hill*, 79 F.3d 1477, 1481 & n.1 (6th Cir. 1996); *United States v. Jenkins*, 4 F.3d 1338, 1344-45 (6th Cir. 1993). Thus, the court could have considered the defendant's possession of the firearm when computing his Guidelines level, even if a motion to suppress had been filed by defense counsel and granted by the court.

The movant claims that, if he had not received the two-point enhancement for the gun, the court would have sentenced him to a lower sentence. However, the record reveals otherwise. Even if the movant had not received a two-point enhancement for the firearm, his base offense level would have been 38 and, with a three-level decrease for acceptance of responsibility, his applicable offense level would have been 35. With a criminal history category of IV and an offense level of 35, his sentencing range would have been 235-293 months instead of 292-365 months. However, even with the higher offense level of 37 that included the two-point enhancement for the firearm, the court sentenced the defendant to 144 months, well below the bottom end of the range for the lower offense level of 35.

8

As detailed by the court in the defendant's sentencing hearing, the defendant received an enormous downward variance because of his physically and mentally abusive childhood, abandonment by his mother, lack of socialization and cultural deprivation, and other background factors. (No. 1:09-cr-00009, Docket No. 282-1 at p. 1347, Sealed). Thus, the defendant's sentence with the downward variance was 148 months (more than twelve years) below the bottom of his applicable Guidelines range. (*Id*., Docket Nos. 281 and 282, Sealed). In any event, the court could not have sentenced the defendant to less than 120 months because of the applicable mandatory minimum sentence pursuant to Section 841(b)(1)(A) based upon his conviction on Count One. In short, the defendant has not met his burden of showing that he was prejudiced at sentencing by his defense attorneys' failure to file a motion to suppress the firearm found at the defendant's residence on the date of his arrest.

Having shown neither deficient performance by counsel nor prejudice to the movant, the court finds that the movant has not met his burden of establishing his claim of ineffective assistance of counsel by a preponderance of the evidence.

### B. A certificate of appealability shall not issue.

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petitioner has not made a substantial showing of a constitutional right as to his claim of ineffective assistance of counsel, a certificate of appealability will not issue with respect to that claim.

## V. Conclusion

For the reasons expressed herein, the record conclusively shows that the defendant is not entitled to relief. Therefore, an evidentiary hearing is not warranted. *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995). The defendant's request for relief pursuant to 28 U.S.C. § 2255 will be denied.

An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge